1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CESAR GALINDO and MARIA RIVERA,

Plaintiffs,

v.

BSI FINANCIAL SERVICES, INC.,

Defendant.

Case No. 17-CV-00021-LHK

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. No. 11

Plaintiffs Cesar Galindo ("Galindo") and Maria Rivera ("Rivera") (collectively, "Plaintiffs"), bring suit against Defendant BSI Financial Services, Inc. ("Defendant") for negligence, violation of the implied covenant of good faith and fair dealing, violation of California Civil Code § 2923.6(c), and violation of California's Unfair Competition Law ("UCL"). Before the Court is Defendant's motion to dismiss. ECF No. 11 ("Def. Mot."). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for decision without oral argument and accordingly VACATES the motion hearing set for March 23, 2017, at 1:30 p.m. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS with leave to amend Defendant's motion to dismiss.

**I.    BACKGROUND**

1

## A.      FACTUAL BACKGROUND

On September 26, 2006, Galindo borrowed $436,000 from Bank of America, N.A. ("BOA"), secured by a deed of trust encumbering property located at 3146 Barletta Lane in San Jose, CA (hereinafter, "the Property").  Compl. Ex. 1. ("Deed of Trust"); *see also* ECF No. 12 (Request for Judicial Notice, or "RJN"), Ex. A.[1]  Rivera, the wife of Galindo, is not a borrower on the loan, but "is a joint owner of the Subject Property."  Compl. ¶ 11.  Plaintiffs defaulted on the loan on March 1, 2009.  RJN, Ex. B.

On September 1, 2012, Ocwen Loan Servicing, LLC ("Ocwen") acquired from BOA the servicing rights for Plaintiffs' loan.  Compl., Ex. 2.  On January 23, 2014, Ocwen recorded a Notice of Default and Election to Sell under Deed of Trust against the Property.  RJN, Ex. B.  Plaintiffs allege that they "began applying for a [Home Affordable Modification Program ("HAMP")] loan modification," although Plaintiffs do not specify in their Complaint a date that Plaintiffs began applying for a loan modification.  Compl. ¶ 14.  In 2015, "after years of applications [for home loan modifications] that resulted in bad faith denials, Plaintiffs' filed an administrative complaint."  Compl. ¶ 14–15.  On May 29, 2015, Plaintiffs received a letter from Ocwen in response to Plaintiffs' administrative complaint.  *Id.* Ex. 2.

Ocwen's May 29, 2015 letter to Plaintiffs, which Plaintiffs attach to the Complaint, informed Plaintiffs that "[a] review of Ocwen's records indicate[d] [Plaintiffs] were approved [by Ocwen] for a Trial Period Plan (TPP) Offer," and that an offer was sent to Plaintiffs' attention on September 14, 2012.  *Id.*  "The [September 14, 2012 TPP offer] letter indicated if [Plaintiffs]

---

[1] Defendant requests judicial notice of the Deed of Trust, the Notice of Default and Election to Sell Under Deed of Trust, and the assignment of the Deed of Trust.  *See* ECF No. 12.  On a motion to dismiss, the Court is limited to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Akhtar v. Mesa*, 698 F.3d 1302, 1212 (9th Cir. 2012).  The Court may take judicial notice of facts not subject to reasonable dispute that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "[M]atters of public record" are the appropriate subjects of judicial notice.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).  Accordingly, the Court GRANTS Defendant's unopposed request for judicial notice of the Deed of Trust, Notice of Default and Election to Sell Under Deed of Trust, and the assignment of the Deed of Trust, as these are "matters of public record" and not subject to reasonable dispute.

Case No. 17-CV-00021-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1    completed the TPP by making all payments as stipulated in the offer," Plaintiffs would receive a

2    loan modification.  *Id.*  Under the terms of the TPP offer, Plaintiffs "were required to make three

3    (3) TPP payments" in order to "be eligible for the modification."  *Id.*  Ocwen's May 29, 2015

4    letter to Plaintiffs informed Plaintiffs that Ocwen denied Plaintiffs a loan modification "on

5    December 13, 2012" because Plaintiffs "failed to make the TPP" payments.  *Id.*  However,

6    according to Plaintiffs, "Plaintiffs never received notice" of the offer.  Compl. ¶ 16.

7            Ocwen's May 29, 2015 letter to Plaintiffs also informed Plaintiffs that Ocwen's "[r]ecords

8    indicate[d] that [Plaintiffs'] initial request for a [HAMP loan modification] was received on May

9    26, 2014; however, [Plaintiffs] were denied for the HAMP program and Ocwen was unable to

10   offer [Plaintiffs] a HAMP because the owner of the account does not participate in the

11   government's HAMP program."  *Id.*  Ocwen's May 29, 2015 letter further informed Plaintiffs that

12   Ocwen had continued to review Plaintiffs' account for alternatives to HAMP, but "additional

13   documents were required" from Plaintiffs, and Plaintiffs never submitted the required documents.

14   *Id.*

15          Ocwen's May 29, 2015 letter to Plaintiffs further stated that Ocwen approved Plaintiffs

16   "for a Proprietary Modification" on December 14, 2014.  *Id.*  Ocwen sent Plaintiffs "[a] Proposed

17   Modification Agreement" on December 15, 2014.  *Id.*  The Proposed Modification Agreement

18   "indicated that in order to accept the terms [Plaintiffs] were required to make a down payment in

19   the amount of $4,245.88 on or before January 1, 2015 and two (2) TPP payments each in the

20   amount of $4,245.88 on February 1, 2015 and March 1, 2015."  *Id.*  However, because Plaintiffs

21   "failed to make the initial TPP by the required due date[,] the modification was denied on

22   February 9, 2015."  *Id.*  Ocwen sent a denial letter to Plaintiffs on February 11, 2015.  *Id.*

23          Ocwen's May 29, 2015 letter to Plaintiffs also told Plaintiffs that Ocwen received "[a]

24   second HAMP request" from Plaintiffs on April 8, 2015."  *Id.*  However, Ocwen again denied

25   Plaintiffs a HAMP modification "because the owner of the account either does not allow principal

26   reduction or does not participate in the HAMP" program.  *Id.*

27          In or about September 2015, Defendant acquired from Ocwen the servicing rights to

28
Case No. 17-CV-00021-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

Plaintiffs' loan.  Thereafter, Plaintiffs sent a loan modification request to Defendant.  Compl. ¶ 18.

Plaintiffs attached to the Complaint "[a] true and correct copy of an email thread from Plaintiffs to

Defendant evincing the active loan modification application review."  *Id.*  ¶ 19.  The attached

email exchange shows that, on September 22, 2015, Galindo emailed documents to Daniel

McAteer ("McAteer"), senior loss mitigation specialist for Defendant.  *Id.* Ex. 3.  On September

23, 2015, McAteer replied to Galindo and told Galindo that he would "forward these [documents

to] our Loan Processor to review to determine if any additional documentation is needed."  *Id.*

On September 28, 2015, Defendant filed a Notice of Trustee's Sale (hereinafter, "Notice of

Sale") with the Santa Clara County Recorder's Office.  Compl. ¶ 20.  The Notice of Sale

scheduled sale for October 30, 2015.  *Id.*  Plaintiff alleges that at the time that Defendant recorded

the Notice of Sale on September 28, 2015, "[n]o decision had been made on Plaintiffs' loan

modification application."  *Id.*

The email exchange between Galindo and McAteer attached to the Complaint shows that

Galindo emailed McAteer again on October 6, 2017 and told McAteer that Galindo was "re

sending the Email" that Galindo originally sent to McAteer on September 22, 2015.  *Id.*, Ex. 3.

On October 7, 2015, McAteer emailed Galindo and informed Galindo that "[p]er the letter

provided out to you via FedEx (tracking#774579202934) and delivered [September 24, 2015] the

following items are still needed: [1] July to August Bank Statements" and "[2] 2013 & 2014 Tax

Returns (signed)."  *Id.*  McAteer informed Galindo that he had "re-reviewed the items provided"

by Galindo and that the documents did "NOT include[]" Galindo's July to August bank statements

or signed 2013 and 2014 tax returns.  *Id.*

**B.    Procedural History**

On January 4, 2017, Plaintiffs filed suit against Defendant in this Court.  ECF No. 1.

Plaintiffs allege four causes of action against Defendant:  (1) negligence; (2) breach of the implied

covenant of good faith and fair dealing; (3) violation of California Civil Code Section 2923.6(c);

and (4) violation of the UCL.  *See id.*

On January 26, 2017, Defendant moved to dismiss all four causes of action.  *See* Def. Mot.

Case No. 17-CV-00021-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1    On February 2, 2017, Plaintiffs opposed Defendant's motion to dismiss.  ECF No. 14 ("Pl. Opp.").

2    On February 9, 2017, Defendant filed a Reply.  ECF No. 15 ("Reply").

3    **II.    LEGAL STANDARD**

4    **A.    Motion to Dismiss Under Rule 12(b)(6)**

5         Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

6    short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint

7    that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure

8    12(b)(6).  The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead

9    "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

10   550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual

11   content that allows the court to draw the reasonable inference that the defendant is liable for the

12   misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is

13   not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant

14   has acted unlawfully."  *Id.*  (internal quotation marks omitted).  For purposes of ruling on a Rule

15   12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s]

16   the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire &*

17   *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

18        The Court, however, need not accept as true allegations contradicted by judicially

19   noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look

20   beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6)

21   motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.

22   1995).  Nor must the Court "assume the truth of legal conclusions merely because they are cast in

23   the form of factual allegations."  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per

24   curiam) (internal quotation marks omitted).  Mere "conclusory allegations of law and unwarranted

25   inferences are insufficient to defeat a motion to dismiss."  *Adams v. Johnson*, 355 F.3d 1179, 1183

26   (9th Cir. 2004).

27   **B.    Leave to Amend**

United States District Court
Northern District of California

28

5

1    If the Court determines that a complaint should be dismissed, it must then decide whether

2    to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to

3    amend "shall be freely given when just so requires," bearing in mind "the underlying purpose of

4    Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez*

5    *v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks

6    omitted).  When dismissing a complaint for failure to state a claim, "a district court should grant

7    leave to amend even if no request to amend the pleading was made, unless it determines that the

8    pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal

9    quotation marks omitted).  Accordingly, leave to amend generally shall be denied only if allowing

10   amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the

11   moving party has acted in bad faith." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532

12   (9th Cir. 2008).

## III.    DISCUSSION

14   As set forth above, Plaintiffs bring causes of action against Defendant for (1) negligence;

15   (2) breach of the implied covenant of good faith and fair dealing; (3) violation of California Civil

16   Code § 2923.6(c); and (4) violation of the UCL.  The Court first addresses Plaintiffs' cause of

17   action under California Civil Code § 2923.6(c) because Plaintiffs' other causes of action rely, at

18   least in part, on the allegations that Plaintiffs make in support of Plaintiffs' § 2923.6(c) claim.  The

19   Court then addresses Plaintiffs' causes of actions for negligence, breach of the implied covenant of

20   good faith and fair dealing, and violation of the UCL.

## A.    California Civil Code § 2923.6(c)

22   Plaintiffs allege that Defendant violated California Civil Code § 2923.6(c), which is a

23   provision of the Home Owner's Bill of Rights ("HBOR").  *See* Compl. ¶ 42.  California Civil

24   Code § 2923.6 provides that "[i]f a borrower submits a complete application for a first lien loan

25   modification," a mortgage servicer "shall not record a notice of default or notice of sale, or

26   conduct a trustee's sale, while the complete first lien loan modification application is pending"

27   until "the mortgage servicer makes a written determination that the borrower is not eligible for a

28

Case No. 17-CV-00021-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1  first lien modification, and any appeal period" has expired.  Cal. Civ. Code § 2923.6(c).  Plaintiffs

2  contend that Defendant violated this provision by recording a Notice of Sale while Plaintiffs'

3  application for loan modification was pending.  *Id.* ¶ 42.  For the reasons discussed below, the

4  Court agrees with Defendant that Plaintiffs have failed to state a claim under § 2923.6(c).

5       As an initial matter, even assuming that Defendant violated § 2923.6(c), the allegations in

6  Plaintiffs' Complaint show that Plaintiffs lack a remedy under the statute.  Plaintiffs seek in their

7  §2923.6(c) claim to recover "actual damages," "the greater of the treble actual damages or

8  statutory damages of fifty thousand dollars," "injunctive relief to stop any trustee sale from taking

9  place," and rescission of the defective Notice of Sale.  Compl. ¶¶ 44–47.  However, under the

10 HBOR, if "the claimant's home has not yet been sold," the plaintiff is entitled to "only injunctive

11 relief."  *Curtis v. Nationstar Mortg. LLC*, 2016 WL 1275599, at *4 (N.D. Cal. Apr. 1, 2016)

12 (citing Cal. Civ. Code § 2924.12(a)(1)).  Plaintiffs do not allege that the Property has been sold,

13 and accordingly Plaintiffs may not seek damages under the statute.  *Id.*; *see also Gonzales v.*

14 *Citimortg., Inc.*, 2015 WL 3505533, at *2–3 (N.D. Cal. June 3, 2015) (granting motion to strike

15 request for damages, including punitive damages, under the HBOR because no foreclosure sale

16 had taken place).

17       Moreover, Plaintiffs' request for injunctive relief is moot because the Notice of Sale that

18 Defendant recorded against the Property expired by operation of law on October 30, 2016, over

19 two months before Plaintiffs filed the instant lawsuit on January 4, 2017.  *See* ECF No. 1.

20 Specifically, California law provides that a trustee sale may only be postponed for a period of up

21 to "365 days from the date set forth in the notice of sale."  Cal. Civ. Code § 2924g(c)(1).  "In the

22 event that the sale proceedings are postponed for a period or periods totaling more than 365 days,

23 the scheduling of any further sale proceedings shall be preceded by giving a new notice of sale."  §

24 2924g(c)(2).  Defendant recorded the Notice of Sale on September 28, 2015, and the Notice of

25 Sale set a date for sale of October 30, 2015.  *See* Compl., Ex. D.  Plaintiffs do not allege that a sale

26 ever occurred on the Property, and thus the Notice of Sale expired on October 30, 2016, "365 days

27 from the date set forth in the notice of sale."  § 2924g(c)(1).  As Defendant acknowledges,

28
7

1   Defendant will have to record a "new notice of sale" to proceed with any further sale proceeding.

2   § 2924g(c)(2); *see Clay v. Wells Fargo Home Mortg., N.A.*, 2013 WL 672464, at *2 (E.D. Cal.

3   Feb. 25, 2013) ("Civil Code § 2924g requires a trustee to provide a new notice of sale when the

4   sale has been postponed for more than 365 days."). Thus, Plaintiffs' request for injunctive relief is

5   moot because the Notice of Sale is no longer valid and there is no current foreclosure sale. *Rae v.*

6   *Bank of Am., N.A.*, 2017 WL 447306 (C.D. Cal. Feb. 1, 2017) (finding that "any claim for

7   injunctive relief, the only relief Plaintiff could currently obtain" under the HBOR was moot

8   because the Notice of Trustee's Sale had expired and the defendant could not "conduct a

9   foreclosure sale without recording a new Notice of Trustee's Sale"); *McKinley v. CitiMortg., Inc.*,

10  2016 WL 3277254, at *7 (E.D. Cal. June 14, 2016) (finding plaintiff was not entitled to injunctive

11  relief to prevent foreclosure because "[g]iven the rescission of the relevant foreclosure documents,

12  there [was] no active foreclosure"); *see also Rose v. ReconTrust Co. N.A.*, 2013 WL 1703335, at

13  *3 (E.D. Wash. Apr. 18, 2013) ("The Notice of Trustee's sale . . . expired by operation of law in

14  January 2010. Plaintiffs' request for injunctive relief related to this attempted foreclosure has

15  been rendered moot." (internal citations omitted)).

16          Further, even assuming that Plaintiffs have a remedy, Plaintiffs' § 2923.6(c) claim fails

17  because Plaintiffs have not alleged a violation of § 2923.6(c). Significantly, "[t]he requirements

18  and prohibitions of § 2923.6(c) are triggered by the borrower's submission of a 'complete' loan

19  modification application." *Garcia v. PNC Mortg.*, 2015 WL 534395, at *7 (N.D. Cal. Feb. 9,

20  2015) (citing Cal. Civ. Code § 2923.6(c)). Under the statute, an application is "deemed 'complete'

21  when a borrower has supplied the mortgage servicer with all documents required by the mortgage

22  servicer within the reasonable timeframes specified by the mortgage servicer." *Id.* § 2923.6(h).

23  Plaintiffs' Complaint shows only that Galindo submitted loan application documents to McAteer

24  on September 22, 2015, that McAteer told Galindo that the documents would be "forward[ed] to

25  [Defendant's] Loan Processor to review to determine if any additional documentation is needed,"

26  and that Defendant informed Galindo in a letter delivered on September 24, 2015 that Plaintiffs'

27  application did not include the documents that Defendant requested. Compl., Ex. 3. Plaintiffs'

28

Case No. 17-CV-00021-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1    Complaint does not allege that Plaintiffs did, in fact, submit the documents requested by

2    Defendant.  *See, e.g.*, Compl. ¶ 19.  Absent any allegation that Plaintiffs' application was

3    "complete" within the meaning of the statute, Plaintiffs have not alleged that Defendant violated §

4    2923.6 by recording the Notice of Sale on September 28, 2015.  *See Garcia*, 2015 WL 534395, at

5    *6–7 (dismissing § 2923.6(c) claim because there were no "allegations showing that a complete

6    application was in fact pending at the time of the notices of default, the notice of trustee's sale, or

7    while the trustee's sale approached"); *see also Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp.

8    3d 982, 998–99 (N.D. Cal. 2014) (dismissing § 2923.6(c) claim because the Plaintiff "fail[ed] to

9    clearly plead that the application as submitted was complete as required by statute").

10          Thus, for the reasons discussed above, the Court GRANTS Defendant's motion to dismiss

11    Plaintiffs' § 2923.6(c) claim.  The Court affords Plaintiffs leave to amend because Plaintiffs may

12    be able to cure the deficiencies in the Complaint by alleging additional facts to show Plaintiffs'

13    entitlement to a remedy under the statute, and that Plaintiffs' application was "complete" within

14    the meaning of the statute.  *See McKinley*, 2016 WL 3277254, at *8 (dismissing complaint where

15    the plaintiffs appeared to have no remedy under the HBOR, but granting leave to amend for

16    plaintiffs to clarify how they were entitled to relief under the statute); *Penermon*, 47 F. Supp. 3d at

17    999 (granting leave to amend so that Plaintiff could plead facts to show that "the application was

18    complete"); s*ee also Lopez*, 203 F.3d at 1127 (holding that "a district court should grant leave to

19    amend . . . unless it determines that the pleading could not possibly be cured by the allegation of

20    other facts" (internal quotation marks omitted)).

21    **B.      Negligence**

22          The Court next addresses Plaintiffs' claim for negligence.  "To state a negligence claim

23    under California law, a plaintiff must plead: '(1) defendant's legal duty of care toward plaintiff;

24    (2) defendant's breach of that duty; (3) damage or injury to plaintiff; and (4) a causal relationship

25    between defendant's negligence and plaintiff's damages.'"  *Griffin v. Green Tree Serv., LLC*, 166

26    F. Supp. 3d 1030, 1048 (C.D. Cal. Apr. 9, 2015) (quoting *Palm v. United States*, 835 F. Supp. 512,

27    520 (N.D. Cal. 1993)).

28

Case No. 17-CV-00021-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

United States District Court
Northern District of California

Plaintiffs' Complaint alleges that Defendant owed Plaintiffs a duty of care, but the Complaint is unclear as to *what* duty of care Defendant owed Plaintiffs. *See, e.g.*, *id.* ¶ 32.  In Plaintiffs' opposition to Defendant's motion to dismiss, Plaintiffs state for the first time that Defendant "owed Plaintiffs a duty to use reasonable care in processing their loan modification application." Pl. Opp. at 6.  According to Plaintiffs, Defendant breached the duty of care owed to Plaintiffs through three specific acts:  (1) Defendant's failure to provide Plaintiffs with Plaintiffs' approved home loan modification in 2012; (2) Defendant's wrongful "claim that [it] c[ould] no longer approve Plaintiffs for a HAMP loan modification"; and (3) Defendant's recording of "the September 28, 2015 [Notice of Sale]."  *See* Compl. ¶ 21.

As discussed below, even assuming that Defendant "owed Plaintiffs a duty to use reasonable care in processing their loan modification application," Pl. Opp. at 9, the Court finds that Plaintiffs have failed to state a negligence claim because Plaintiffs have not alleged that Defendant breached this alleged duty.  The Court first addresses the first and second actions of Defendant that Plaintiffs contend breached the standard of care, and then the Court addresses the third action.

### 1.    Negligence Based on the 2012 Home Loan Modification and the HAMP Modification

The Court first considers Plaintiffs' claim for negligence based on Defendant's "fail[ure] to provide Plaintiffs with their approved HAMP loan modification in 2012" and Defendant's "claim[] that they can no longer approve Plaintiffs for a HAMP loan modification." Compl. ¶ 21.  Significantly, although Plaintiffs' Complaint alleges that "Defendant" committed these actions, the exhibits attached to Plaintiffs' Complaint show that it was *Ocwen*, not Defendant, that serviced Plaintiffs' loan at the time that these actions occurred.  Compl., Ex. B.  Indeed, Plaintiffs do not dispute that Plaintiffs' allegations refer to Ocwen's conduct, and not the conduct of Defendant. *See* Pl. Opp. at 9.  Nonetheless, Plaintiffs argue that Defendant may be held liable for Ocwen's actions because Defendant assumed Ocwen's liabilities as Ocwen's successor in interest. *Id.*

Plaintiffs' argument is not well taken.  As an initial matter, the Complaint does not contain

10

1   any allegation that Defendant is Ocwen's successor in interest, let alone any facts to support this

2   legal conclusion.  *See generally* Compl.  To the contrary, Plaintiffs Complaint alleges that

3   "Defendant" committed these acts, even though this allegation is contradicted by the exhibits

4   attached to Plaintiffs' Complaint.  *See* Compl., Ex. 2.  It is only in Plaintiffs' opposition to

5   Defendant's motion to dismiss that Plaintiffs assert that Defendant is Ocwen's successor in

6   interest.  However, in ruling on a motion to dismiss, the Court is limited to "allegations contained

7   in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial

8   notice."  *Akhtar v. Mesa*, 698 F.3d 1302, 1212 (9th Cir. 2012).

9          Moreover, even if the Court were to consider the allegations that Plaintiffs assert for the

10   first time in their opposition, Plaintiffs have failed to adequately allege that Defendant is Ocwen's

11   successor in interest.  "Under California law, a corporation does not assume the liabilities of

12   another corporation when purchasing the latter's assets unless":

13          (1) there is an express or implied agreement of assumption, (2) the
            transaction amounts to a consolidation or merger of the two
14          corporations, (3) the purchasing corporation is a mere continuation
            of the seller, or (4) the transfer of assets to the purchaser is for
15          fraudulent purpose of escaping liability for the seller's debts.

16   *Pacini v. Nationstar Mortg., LLC*, 2013 WL 2924441, at *3 (N.D. Cal. June 13, 2013) (quoting

17   *Ray v. Alad*, 19 Cal. 3d 22, 28 (1977)).  Plaintiffs argue that Defendant assumed Ocwen's

18   liabilities under the first and third exception.

19          First, Plaintiffs state that there was "an express or implied agreement of assumption."  Pl.

20   Opp. at 9.  Specifically, Plaintiffs state that Defendant expressly and impliedly assumed Ocwen's

21   liabilities through Section 20 of the Deed of Trust.  Pl. Opp. at 9.  Section 20 of the Deed of Trust

22   provides as follows:

23          If the Note is sold and thereafter the Loan is serviced by a Loan
            Servicer other than the purchaser of the Note, the mortgage loan
24          servicing obligations to Borrower will remain with the Loan
            Servicer or be transferred to a successor Loan Servicer and are not
25          assumed by the Note purchaser unless otherwise provided by the
            Note purchaser.
26
27   Compl., Ex. 1 ("Deed of Trust"), at 12.  The Court disagrees with Plaintiffs that this language

28

United States District Court
Northern District of California

11

provides for any assumption by Defendant of Ocwen's liabilities.  Section 20 simply provides that if the Note is sold to a new owner, the mortgage servicing obligations will not be transferred to the new owner, but will instead "remain with the Loan Servicer or be transferred to a successor Loan Servicer."  *Id*.  The section does not contain any provision by which the new Loan Servicer assumes the previous Loan Servicer's *liabilities* to the Borrower.  *See id.*  Indeed, "[s]imply because the contract contemplates that changes in the loan servicer may occur does not imply that a transfer of liability also automatically occurs."  *Pacini*, 2013 WL 2924441, at *4.  In sum, Plaintiffs have not cited to any language in the Deed of Trust that is sufficient to overcome the general rule that "a corporation does not assume the liabilities of another corporation when purchasing the latter's assets."  *Id.* at *3.

Second, Plaintiffs state that Defendant is "liable for Ocwen's misconduct under the continuation doctrine."  Pl. Opp. at 10.  "Under the 'continuation theory' of successor liability, 'corporations cannot escape liability by a mere change of name or a shift in assets when and where it is shown that the new corporation is, in reality, but a continuation of the old.'"  *Moses v. Innoprise Software*, 2014 WL 691587, at *3 (N.D. Cal. Feb. 21, 2014).  California courts have held that "a corporation acquiring the assets of another corporation is the latter's mere continuation . . . only upon a showing of one or both of the following factual elements: (1) no adequate consideration was given for the predecessor corporation's assets and made available for meeting the claims of its unsecured credits; (2) one or more persons were officers, directors, or stockholders of both corporations."  *Ray*, 560 P.2d at 7.  Plaintiffs have asserted no facts to suggest that Defendant is a mere "continuation" of Ocwen.  *Moses*, 2014 WL 691587, at *3.  Rather, Plaintiffs only speculate in their opposition that Defendant "likely did not give adequate consideration for Ocwen's assets," and that "Plaintiffs reasonably believe that one or more persons were officers, directors, or stockholder of both."  Pl. Opp. at 10.  However, Plaintiffs' speculation and conclusive assertions are insufficient to withstand a Rule 12(b)(6) motion to dismiss.  *See, e.g.*, *Brockway v. JPMorgan Chase Bank, N.A.*, 2012 WL 4894253, at *2–3 (S.D. Cal. Oct. 15, 2012) (dismissing complaint where plaintiff alleged only that the defendant "assume[d] all of [its

United States District Court
Northern District of California

12

Case No. 17-CV-00021-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1    predecessor's] liabilities," which was a conclusive assertion insufficient to "'unlock the doors of

2    discovery'" under Rule 8 (quoting *Iqbal*, 556 U.S. at 678)).

3          Accordingly, because Plaintiffs have not adequately alleged that Defendant assumed

4    Ocwen's liabilities, Plaintiffs have failed to state a negligence claim against Defendant based on

5    Ocwen's conduct. The Court GRANTS Defendant's motion to dismiss Plaintiffs' negligence

6    claim to the extent that Plaintiffs' negligence claim is premised on Ocwen's conduct. The Court

7    affords Plaintiffs leave to amend because Plaintiffs may be able to allege facts to show that

8    Defendant assumed Ocwen's liabilities. *See Pacini*, 2013 WL 2924441, at *6 (granting leave to

9    amend for the plaintiff to "allege additional facts regarding the exact nature of the transfer of

10    liability").

11          **2.**      **Negligence Based on Defendant Recording the Notice of Sale**

12          Plaintiffs' also base their negligence claim on Defendant "recording the September 28,

13    2015 [Notice of Sale] during active loan modification review." Compl. ¶ 21. Plaintiffs'

14    Complaint fails to state how Defendant breached a duty of care owed to Plaintiffs by recording the

15    Notice of Sale. *See* Compl. ¶¶ 21–33. However, in Plaintiffs' opposition, Plaintiffs state that

16    Defendant failed to "use reasonable care in processing [Plaintiffs] application" because Defendant

17    recorded a Notice of Sale after Plaintiffs "submitted all necessary documents that [Defendant] had

18    requested." Pl. Opp. at 7–8.

19          However, as stated above with regards to Plaintiffs' independent § 2923.6(c) claim,

20    Plaintiffs' Complaint does not allege that Plaintiffs' had "submitted all necessary documents that

21    [Defendant] had requested" at the time that Defendant recorded the Notice of Sale. Pl. Opp. at 8;

22    *see* Compl., Ex. B. Rather, the Complaint and the exhibits attached to the Complaint show only

23    that Defendant told Plaintiffs on September 24, 2015 that Plaintiffs failed to provide Defendants

24    with requested documents, and that Defendant recorded a Notice of Sale on September 28, 2015.

25    *See* Compl., Ex. 3. Contrary to Plaintiffs' assertion in their opposition, the Complaint does not

26    allege that Plaintiffs submitted the documents requested by Defendant, or that Defendant

27    otherwise failed to consider Plaintiffs' loan application. *See, e.g.*, *id.* ¶¶ 16–19. Accordingly,

28

Case No. 17-CV-00021-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

United States District Court
Northern District of California

1    even assuming that Defendant owed Plaintiffs a duty of care to use reasonable care in processing

2    Plaintiffs' application, Plaintiffs' Complaint does not allege any facts to suggest that Defendant

3    breached this duty when Defendant recorded the Notice of Sale on September 28, 2015.

4          Thus, the Court GRANTS Defendant's motion to dismiss Plaintiffs' negligence claim to

5    the extent that Plaintiffs' negligence claim is based on Defendant's recording of the Notice of

6    Sale.  The Court affords Plaintiffs leave to amend because Plaintiffs may be able to cure the

7    deficiencies in the Complaint by alleging additional facts in support of this claim.  *See Lopez*, 203

8    F.3d at 1127.

9    **C.      Breach of the Implied Covenant of Good Faith and Fair Dealing**

10         Plaintiffs further allege that Defendant breached the implied covenant of good faith and

11   fair dealing.  "There is an implied covenant of good faith and fair dealing in every contract that

12   neither party will do anything which will injure the right of the other to receive the benefits of the

13   agreement."  *Khan v. CitiMortg., Inc.*, 975 F. Supp. 2d 1127, 1142 (E.D. Cal. Sept. 30, 2013)

14   (quoting *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390 (Cal. 2000)).  "The

15   implied covenant of good faith and fair dealing rests upon the existence of some specific

16   contractual obligation."  *Id.* (quoting *Racine & Laramie, Ltd. v. Dep't of Parks & Rec.*, 11 Cal.

17   App. 4th 1026, 1031 (Cal. 1992).  "The 'implied covenant of good faith and fair dealing is limited

18   to assuring compliance with the express terms of the contract, and cannot be extended to create

19   obligations not contemplated by the contract.'"  *Id.* (quoting *Pasadena Live, LLC v. City of

20   Pasadena*, 114 Cal. App. 4th 1089, 1093–94 (Cal. 2004)).

21         According to the Complaint, "[t]he terms of the Promissory Note and DOT imposed upon

22   Defendant[] a duty of good faith and fair dealing."  Compl. ¶ 36.  Plaintiffs allege that Defendant

23   breached the implied covenant of good faith and fair dealing by committing the same three acts

24   discussed above with regards to Defendant's negligence claim: (1) failing to provide Plaintiffs

25   with Plaintiffs' approved home loan modification in 2012; (2) "claim[ing] that [it] c[ould] no

26   longer approve Plaintiffs for a HAMP loan modification"; and (3) recording "the September 28,

27   2015 [Notice of Trustee's Sale] during active loan modification application review."  *Id.* ¶ 37.

28
                                                                    14

United States District Court
Northern District of California

1    First, to the extent that Plaintiffs' implied covenant of good faith and fair dealing claim is

2    based on Ocwen's conduct, Plaintiffs have failed to state a claim for the same reason that Plaintiffs

3    failed to state a negligence claim based on Ocwen's conduct.  As discussed above, Plaintiffs'

4    Complaint is devoid of any factual allegations that Defendant assumed Ocwen's liabilities.

5    *Pacini*, 2013 WL 2924441, at *3–4 (explaining general rule that "a corporation does not assume

6    the liabilities of another corporation when purchasing the latter's assets").  Accordingly, the Court

7    GRANTS with leave to amend Defendant's motion to dismiss Plaintiffs' breach of implied

8    covenant of good faith and fair dealing claim, to the extent Plaintiffs' claim is premised on

9    Ocwen's conduct.

10   Second, with regard to Plaintiffs' allegation that Defendant breached the implied covenant

11   of good faith and fair dealing by recording the Notice of Sale, Plaintiffs have also failed to state a

12   claim.  "To state a claim for breach of the implied covenant of good faith and fair dealing, a

13   plaintiff must identify the specific contractual provision that was frustrated."  *Rockridge Trust v.*

14   *Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1156 (N.D. Cal. Sept. 25, 2013).  Plaintiffs' Complaint

15   alleges no "specific contractual provision that was frustrated" by Defendant, and thus Plaintiffs'

16   Complaint does not adequately state a claim for breach of the implied covenant of good faith and

17   fair dealing.  *Id.* (dismissing breach of implied covenant of good faith and fair dealing claim

18   because the plaintiff failed to indicate "what contractual provision was violated").

19   Plaintiffs do identify in their opposition a specific contractual provision of the Deed of

20   Trust that Defendant allegedly frustrated.  Specifically, Plaintiffs assert in their opposition that

21   Defendant frustrated the following Deed of Trust provision: "This Security Interest secures to the

22   Lender: (i) the repayment of the Loan, and all renewals, extension and modifications of the Note;

23   and (ii) the performance of Borrower's covenants and agreements under this Security Interest and

24   the Note."  *See* Pl. Opp. at 13 (emphasis removed).  According to Plaintiffs, this language requires

25   Defendant "to accept the terms of a loan modification" and "to reasonably review and, if

26   appropriate, accept Plaintiffs' loan modification."  Pl. Opp. at 13.

27   The Court disagrees with Plaintiffs' interpretation of the quoted Deed of Trust language.

28

Case No. 17-CV-00021-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The language quoted by Plaintiffs provides only that if there is a modification of the Note, the

2    Deed of Trust secures to the Lender the modified Note. *See* Deed of Trust, at 2. Contrary to

3    Plaintiffs' assertion, it does not require Defendant "to accept the terms of a loan modification," let

4    alone require Defendant "to reasonably review and, if appropriate, accept Plaintiffs' loan

5    modification." Pl. Opp. at 13. Furthermore, even on the assumption that Defendant is obligated

6    by the Deed of Trust to "reasonably review" Plaintiffs' application for a loan modification,

7    Plaintiffs have still not stated a claim for breach of the implied covenant of good faith and fair

8    dealing. As discussed above with regards to Plaintiffs' other causes of action, Plaintiffs'

9    Complaint does not allege that Defendant failed to consider or otherwise mishandled Plaintiffs'

10   loan modification application. *See* Compl. ¶¶ 16–19. Rather, the Complaint alleges only that

11   Plaintiffs submitted loan documents to Defendant, and that Defendant told Plaintiffs that required

12   documents were missing. *Id.* ¶ 19 & Ex. 3.

13        Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' claim for

14   breach of implied covenant of good faith and fair dealing. The Court affords Plaintiffs leave to

15   amend because Plaintiffs may be able to cure the deficiencies in the Complaint by alleging

16   additional facts in support of this claim. *See Lopez*, 203 F.3d at 1127.

17   **D.      California UCL**

18        Lastly, Plaintiffs allege that Defendant violated the UCL. "The UCL establishes three

19   varieties of unfair competition—'acts or practices which are unlawful, or unfair, or fraudulent.'"

20   *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1117–18 (E.D. Cal. 2014).

21        Plaintiffs assert that Defendant acted unlawfully, unfairly, and fraudulently in "dual

22   tracking" Plaintiffs' loan application. *See* Pl. Opp. at 17–18. However, for the reasons discussed

23   above with regards to Plaintiffs' California Civil Code § 2923.6(c) claim, Plaintiffs have not

24   alleged that Defendant "dual tracked" Plaintiffs' loan modification application because Plaintiffs

25   do not allege that their application was "complete" at the time that Defendant recorded the Notice

26   of Sale. *Garcia*, 2015 WL 534395, at *7 ("The requirements and prohibitions of § 2923.6(c) are

27   triggered by the borrower's submission of a 'complete' loan modification application.").

28
     Case No. 17-CV-00021-LHK
     ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1   Moreover, as stated above, Plaintiffs' Complaint is devoid of any allegation that Defendant

2   otherwise failed to consider or mishandled Plaintiffs' loan modification application.  *See generally*

3   Compl.

4        Plaintiffs further allege that Defendant is liable under the UCL for Ocwen's misconduct.

5   *See* Pl. Opp. at 17–18.  However, as discussed above, Plaintiffs Complaint fails to allege that

6   Defendant is Ocwen's successor in interest, and accordingly Plaintiffs may not hold Defendant

7   liable for Ocwen's conduct.  *Pacini*, 2013 WL 2924441, at *3–4 (explaining general rule that "a

8   corporation does not assume the liabilities of another corporation when purchasing the latter's

9   assets").

10       Accordingly, Plaintiffs' have failed to allege a violation of the UCL, and the Court

11  GRANTS Defendant's motion to dismiss Plaintiffs' UCL claim.  The Court affords Plaintiffs

12  leave to amend because Plaintiffs may be able to cure the deficiencies in the Complaint by

13  alleging additional facts in support of this claim.  *See Lopez*, 203 F.3d at 1127.

14  **IV.   CONCLUSION**

15       For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss with leave

16  to amend.  Should Plaintiffs elect to file an amended complaint curing the deficiencies identified

17  herein, Plaintiffs shall do so within thirty (30) days of this order.  Failure to meet this 30-day

18  deadline to file an amended complaint or failure to cure the deficiencies identified in this order

19  will result in a dismissal with prejudice.  Plaintiffs may not add new causes of action or parties

20  without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure

21  15.

22  **IT IS SO ORDERED.**

23

24  Dated: March 17, 2017

25                                         _____

26                                         LUCY H. KOH
                                           United States District Judge
27

28

17

United States District Court
Northern District of California