UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CESAR GALINDO, ET AL., <br><br>Plaintiffs, <br><br>v. <br><br>BSI FINANCIAL SERVICES, INC., <br><br>Defendant. | Case No. 17-CV-00021-LHK <br><br>**ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** <br><br>Re: Dkt. No. 26 |

Plaintiffs Cesar Galindo ("Galindo") and Maria Rivera ("Rivera") (collectively, "Plaintiffs"), bring suit against Defendant BSI Financial Services, Inc. ("BSI") for negligence, violation of the implied covenant of good faith and fair dealing, violation of California Civil Code § 2923.6(c), and violation of California's Unfair Competition Law ("UCL"). Currently before the Court is Plaintiffs' motion for leave to file a First Amended Complaint ("FAC"), which seeks leave to add Ocwen Loan Servicing LLC ("Ocwen") as a defendant. ECF No. 26 ("Mot."). BSI does not oppose the motion. ECF No. 28. The Court finds this matter suitable for resolution without oral argument and accordingly VACATES the motion hearing set for June 1, 2017, at 1:30 p.m. *See* Civil L.R. 7-1(b). Having considered the parties' submissions, the relevant law, and the record in this case, the Court hereby GRANTS Plaintiffs' motion for leave to amend.

**I.  BACKGROUND**

1

Case No. 17-CV-00021-LHK
ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

**A. Factual Background**

On September 26, 2006, Galindo borrowed $436,000 from Bank of America, N.A. ("BOA"), secured by a deed of trust encumbering property located at 3146 Barletta Lane in San Jose, CA (hereinafter, "the Property"). ECF No. 1 ("Compl."), Ex. 1. Plaintiffs defaulted on the loan on March 1, 2009.

On September 1, 2012, Ocwen acquired from BOA the servicing rights for Plaintiffs' loan. Compl., Ex. 2. On January 23, 2014, Ocwen recorded a Notice of Default and Election to Sell under Deed of Trust against the Property. Plaintiffs "began applying for a [Home Affordable Modification Program ("HAMP")] loan modification." *Id*. ¶ 14. In 2015, "after years of applications [for home loan modifications] that resulted in bad faith denials, Plaintiffs' filed an administrative complaint" with Ocwen. Compl. ¶ 14–15.

On May 29, 2015, Plaintiffs received a letter from Ocwen in response to Plaintiffs' administrative complaint. *Id.* Ex. 2. Ocwen informed Plaintiffs that Plaintiffs had been approved for a Trial Period Plan ("TPP") Offer on September 14, 2012, but Ocwen ultimately denied Plaintiffs a loan modification on December 13, 2012 because Plaintiffs failed to make the TPP payments. *See id.* Further, Ocwen had approved Plaintiffs "for a Proprietary Modification" on December 14, 2014, but Plaintiff failed to make the initial payments by the due date and accordingly Ocwen denied Plaintiff a Proprietary Modification on February 11, 2015. *See id.* Ocwen's May 29, 2015 letter to Plaintiffs also informed Plaintiffs that Ocwen received "[a] second HAMP request" from Plaintiffs on April 8, 2015." *Id.* However, Ocwen again denied Plaintiffs a HAMP modification "because the owner of the account either does not allow principal reduction or does not participate in the HAMP" program. *Id.*

In or about September 2015, BSI acquired from Ocwen the servicing rights to Plaintiffs' loan. Thereafter, Plaintiffs sent a loan modification request to BSI. *Id*. ¶ 18. On September 22, 2015, Galindo emailed documents to Daniel McAteer ("McAteer"), senior loss mitigation specialist for BSI. *Id.* Ex. 3. On September 23, 2015, McAteer replied to Galindo and told Galindo that he would "forward these [documents to] our Loan Processor to review to determine if

2

1 any additional documentation is needed." *Id.*

2 On September 28, 2015, BSI filed a Notice of Trustee's Sale (hereinafter, "Notice of Sale") with the Santa Clara County Recorder's Office. Compl. ¶ 20. The Notice of Sale scheduled sale for October 30, 2015. *Id.* Plaintiff alleges that at the time that BSI recorded the Notice of Sale on September 28, 2015, "[n]o decision had been made on Plaintiffs' loan modification application." *Id.*

Galindo emailed McAteer again on October 6, 2017 and told McAteer that Galindo was "re sending the Email" that Galindo originally sent to McAteer on September 22, 2015. *Id.*, Ex. 3. On October 7, 2015, McAteer emailed Galindo and informed Galindo that "[p]er the letter provided out to you via FedEx (tracking#774579202934) and delivered [September 24, 2015] the following items are still needed: [1] July to August Bank Statements" and "[2] 2013 & 2014 Tax Returns (signed)." *Id.* McAteer informed Galindo that he had "re-reviewed the items provided" by Galindo and that the documents did "NOT include[]" Galindo's July to August bank statements or signed 2013 and 2014 tax returns. *Id.*

**B.    Procedural History**

On January 4, 2017, Plaintiffs filed suit against BSI in this Court. ECF No. 1. Plaintiffs alleged four causes of action against BSI: (1) negligence; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of California Civil Code Section 2923.6(c); and (4) violation of the UCL. *See id.*

On January 26, 2017, BSI moved to dismiss all four causes of action. *See* Def. Mot. On February 2, 2017, Plaintiffs opposed BSI's motion to dismiss. ECF No. 14 ("Pl. Opp."). On February 9, 2017, BSI filed a Reply. ECF No. 15 ("Reply").

On March 17, 2017, the Court granted BSI's motion to dismiss. ECF No. 23. As relevant here, the Court held that Plaintiffs had failed to state a claim for negligence against BSI because Plaintiffs based their negligence claim, in part, on conduct that was committed by *Ocwen*, not BSI. *Id.* at 10–11. The Court held that Plaintiff had failed to allege that BSI had assumed Ocwen's liabilities, and thus BSI could not be held liable for Ocwen's alleged misconduct. *Id.* at 10–11.

3
Case No. 17-CV-00021-LHK
ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

For similar reasons, the Court held that Plaintiffs could not state a claim for implied covenant of good faith and fair dealing against BSI for Ocwen's conduct. *Id.* at 14. The Court granted Plaintiffs leave to amend the complaint within thirty days, but stated that Plaintiffs "may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rules of Civil Procedure 15." *Id.* at 17.

On April 13, 2017—within the 30-day deadline set by the Court for Plaintiffs to file an amended complaint—Plaintiffs filed a motion for leave to file a First Amended Complaint. *See* Mot. Specifically, Plaintiffs requested leave of Court to add Ocwen as a defendant. According to Plaintiffs, Plaintiffs "learned that Ocwen is the primary defendant because BSI is a separate entity from Ocwen, and BSI did not assume Ocwen's liabilities when BSI purchased Ocwen's assets." Mot. at 4–6. Plaintiffs state that leave to add Ocwen as a defendant is necessary to support Plaintiff's previously asserted claims, which this Court dismissed as brought against BSI. *See Id.* at 4–6.

On April 25, 2017, BSI filed a statement of non-opposition to Plaintiffs' motion. *See* ECF No. 28.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). After that initial period has passed, amendment is permitted only with the opposing party's written consent or leave of Court. *Id.* 15(a)(2). Rule 15 instructs that "[t]he court should freely give leave when justice so requires." *Id.* Although this rule "should be interpreted with extreme liberality, leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citation and quotation marks omitted). Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solus., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Of these factors, prejudice to the opposing party is the most important.

4

*Jackson*, 902 F.2d at 1387. In addition, a court may also consider whether the plaintiff has previously amended his complaint. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n. 3 (9th Cir. 1987). Where a court has already provided the plaintiff one or more opportunities to amend his complaint, its discretion over further amendments is particularly broad. *Id.*

The Court finds that granting leave to amend is appropriate in this case. This is Plaintiffs' first request to file an amended complaint, and there is no allegation that Plaintiffs are acting in bad faith or that Plaintiffs have unduly delayed. Plaintiffs request for leave to add Ocwen as a defendant is made within the 30-day deadline provided by the Court in the Court's March 17, 2017 order, which dismissed Plaintiff's original complaint with leave to amend. *See* ECF No. 23. Further, there is no reason to believe that amendment is futile. The Court dismissed Plaintiffs' original complaint, in part, because Plaintiffs brought claims against only BSI for conduct that was committed by Ocwen. Plaintiffs' request for leave to add Ocwen as a defendant is a response to the Court's order. *See id.*, at 10–11.

Finally, Plaintiffs' amendment will not prejudice BSI. BSI has not opposed this motion, and this case is still in its early stages. The initial case management conference is scheduled for June 7, 2017, and the Court has yet to set a case schedule. Accordingly, the Court GRANTS Plaintiffs' motion for leave to amend. *See Adams v. Kraft*, 2010 WL 4939440, at *4 (N.D. Cal. Nov. 30, 2010) (granting leave to amend, even though "Plaintiff could have amended his complaint earlier," because the case was still in its early stages and it was the plaintiff's first attempt at amending his complaint).

**IV. CONCLUSION**

For the reasons discussed above, the Court GRANTS Plaintiffs' motion for leave to file the proposed FAC.

**IT IS SO ORDERED.**

Dated: May 26, 2017

_____
LUCY H. KOH
United States District Judge